IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANNON ROCK, )
)
      Plaintiff, )
)
-vs- ) Civil Action No. 15-995
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

### I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Therein, Plaintiff asserted he had been disabled since June 23, 2012. (ECF No. 5-5, p. 2). Administrative Law Judge ("ALJ"), George A. Mills III, held a hearing on January 23, 2014. (ECF No. 5-2, pp. 26-67). On February 13, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 15-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 7 and 9). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC")[1]

Plaintiff first asserts that the ALJ erred in determining his RFC because it was made without the benefit of any expert medical opinion as it relates to his lumbago and his degenerative disc disease of the thoracic spine. (ECF No. 8 pp. 8-13). In support thereof, Plaintiff points out that the ALJ found his lumbago and degenerative disc disease to be severe impairments, but then the ALJ went on to make an RFC finding that he was capable of light work limited to only occasionally climb, balance, stoop, kneel, crouch or crawl. *Id.* pp. 8-9. To that end, Plaintiff argues that the ALJ made this determination without any medical opinion evidence regarding the effects of his lumbago and degenerative disc disease. *Id.* at 9. He further points out that while the ALJ suggests that Dr. Bramer's opinion related to Plaintiff's "fractured back," Dr. Bramer does not mention Plaintiff's back, offers no opinion related to Plaintiff's back, and did not treat Plaintiff for his back pain. *Id.* at pp. 11-12. Plaintiff also notes

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

that the ALJ gave significant weight to the opinion of Dr. Tran, the state agency doctor, but that Dr. Tran did not give any opinion regarding Plaintiff's back. *Id.* at p. 12. Based on the same, Plaintiff submits that the opinions of Dr. Bramer and Dr. Tran cannot serve as substantial evidence to support the RFC. *Id.* Without more, Plaintiff concludes, the RFC is not based on substantial evidence and remand is necessary. *Id.* at pp. 11-13.

After a review of the record, I agree with Plaintiff. The ALJ found Plaintiff's lumbago and degenerative disc disease of the thoracic spine to be severe impairments. (ECF No. 5-2, p. 17). Yet, there is no medical opinion evidence, from Dr. Bramer or other any other doctor, regarding his functional limitations as it relates to Plaintiff's lumbago and degenerative disc disease of the thoracic spine.

In opposition, Defendant attempts to argue that ALJ "afforded probative consideration to Dr. Franz's opinion…that Plaintiff's work status was regular duty (40-60 pounds)." (ECF No. 10, p. 9). To that end, Defendant suggests that there was an "assessment of Plaintiff's work status given his orthopedic condition…" to support the ALJ's RFC. *Id.* There are two issues with this argument. First, there is no doubt that the record at issue from Dr. Franz is not a medical opinion but, rather, is a treating record. (ECF No. 5-12, p. 25). Defendant does not point to any other medical opinion evidence regarding the effects of Plaintiff's lumbago and degenerative disc disease of the thoracic spine on his ability to function. (ECF No. 10). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). After a review of the record, I find there is no medical opinion evidence regarding Plaintiff's functional limitations as they relate to his severe impairments of lumbago and degenerative disc disease of the thoracic spine.

The other issue with Defendant's assertion that ALJ "afforded probative consideration to Dr. Franz's opinion…that Plaintiff's work status was regular duty (40-60 pounds)" is that

4

Defendant merely repeats the ALJ summarization of this treatment record from Dr. Franz wherein the ALJ stated that Dr. Franz "reported the claimant's work status as regular duty, 40-60 pounds…." . (ECF No. 10, p. 9; ECF No. 5-2, p. 21). I have reviewed this treatment record from Dr. Franz. I do not believe it says Plaintiff is capable of lifting 40-60 **pounds**. *See,* ECF No. 5-12, p. 25. Rather, reading the document as a whole, I find the record provides that Plaintiff's work status is regular duty - 40-60 **hours**, not pounds. *Id.* This is supported by the fact that the record also indicates Plaintiff has limited activities of daily living in the area of, *inter alia,* lifting and that Dr. Franz referred Plaintiff "for chiropractic manipulation" regarding his spine. *Id.* As a result, I find that the ALJ misinterpreted the treating record from Dr. Franz. Thus, even if the treatment record somehow could be taken as opinion evidence, which it is not, the ALJ's interpretation of said evidence is mistaken.

Based on the above, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted.

Plaintiff next argues that the ALJ failed to properly develop the record with a consultative examination with regard to his functional limitations as it relates to his lumbago and degenerative disc disease of the thoracic spine. (ECF No. 8, pp. 13-15). An ALJ has a duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §416.920b; 416.912(d). Circumstances necessitating a consultative examination include situations where the evidence as a whole is insufficient to support a determination. *See,* 20 C.F.R. §416.919a. Since I am remanding this case due to insufficiency of substantial evidence to support the RFC, the ALJ is instructed to order a consultative examination of Plaintiff with regard to his functional limitations as it relates to Plaintiff's lumbago and degenerative disc disease of the thoracic spine. *See,* 20 C.F.R. §416.919a.

C.   **<u>Credibility</u>**

Additionally, Plaintiff submits that the ALJ erred in assessing his credibility. (ECF No. 8, pp. 15-18). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Since I am remanding this case because I find RFC is not based on substantial evidence, the ALJ's credibility determination cannot stand. It must be reviewed again on remand. Therefore, remand on the issue of credibility is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHANNON ROCK,             )
                          )
    Plaintiff,             )
                          )
  -vs-                    )   Civil Action No. 15-995
                          )
CAROLYN W. COLVIN,         )
COMMISSIONER OF SOCIAL SECURITY,  )
                          )
    Defendant.            )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of May, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is granted and Defendant's Motion for Summary Judgment (Docket No. 9) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge